# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PERALTA,<br><br>        Plaintiff,<br><br>    v.<br><br>FRESNO COUNTY POLICE OFFICERS, et al.,<br><br>        Defendants. | Case No. 1:16-cv-01921-LJO-SAB<br><br>ORDER DISMISSING ACTION WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

Plaintiff Michael Peralta, a state prisoner, is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed on December 27, 2017.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation and is housed at the California Men's Colony. Plaintiff alleges that he was arrested by Fresno County Police Officers for domestic violence sometime in 2016. (Compl. 3.) Upon his arrest, Plaintiff informed the officers that he had a serious medical condition that required medication that was in his home. (Compl. 3.) The arresting officers did not get his medication or note that he needed medication. (Compl. 3.)

Plaintiff informed jail officials and they neglected Plaintiff's need and he suffered a major heart attack/stroke while he was deprived of his medication. (Compl. 3.) Plaintiff brings this action alleging violations of the First, Eighth, and Fourteenth Amendments of the constitution seeking declaratory relief and monetary damages. Plaintiff also seeks appointment

of counsel. (Compl. 3.)

For the reasons discussed below, Plaintiff's complaint fails to state a cognizable claim for relief. Plaintiff shall be granted an opportunity to file an amended complaint to cure the deficiencies identified herein.

## III.
## DISCUSSION

### A. First Amendment

Plaintiff alleges that his rights under the First Amendment were violated. The First Amendment provides for various freedoms of expression such as speech, religion, assembly, petition, etc. U.S. Const. amend. I. Plaintiff's complaint is devoid of any allegations that would invoke the protections of the First Amendment.

### B. Denial of Medical Care

Plaintiff's allegation in this action is that after his arrest he was denied medical care, medication, which resulted in his having a heart attack.

#### 1. Arresting Officers

Plaintiff alleges that he informed the officers that arrested him of his serious medical condition that required heart medication and the officers failed to procure the medication from inside his home. (Compl. at 3.) The Supreme Court has held the Due Process Clause requires the provision of medical care to "persons . . .who have been injured while being apprehended by the police." Tatum v. City and County of San Francisco, 441 F.3d 1090, 1099 (9th Cir. 2006) (quoting City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983)). Due process is satisfied where the officer promptly summons medical care or takes the injured detainee to the hospital. Maddox v. City of Los Angeles, 792 F.2d 1408, 1414 (9th Cir. 1986). In evaluating a claim of failure to provide medical care for an individual who was injured during an arrest, the Ninth Circuit has held that Maddox sets the standard. Tatum, 441 F.3d at 1099. Therefore, "a police officer who promptly summons the necessary medical assistance has acted reasonably for purposes of the Fourth Amendment." Id.

In this instance, Plaintiff has not alleged facts that he required medical care, but merely

1 that he informed the officers that he wanted his medication taken with him to the jail because he
2 had a heart condition.  Under the standard for post arrest medical care, Plaintiff's claim that the
3 officers refused to get his medication out of his house is insufficient to state a cognizable claim
4 for violation of the due process clause.

        2.        <u>Jail Personnel</u>

6         Plaintiff also alleges that jail officials neglected his needs.  A claim of failure to provide
7 medical care to a pretrial detainee arises under the due process clause of the Fourteenth
8 Amendment.  <u>Gibson v. Cty. of Washoe, Nev.</u>, 290 F.3d 1175, 1187 (9th Cir. 2002) overruled on
9 other grounds by <u>Castro v. Cty. of Los Angeles</u>, 833 F.3d 1060 (9th Cir. 2016) (9th Cir. 2016),
10 cert. denied sub nom. <u>Los Angeles Cty., Cal. v. Castro</u>, No. 16-655, 2017 WL 276190 (U.S. Jan.
11 23, 2017).  A pretrial detainee's claims alleging denial of medical care are evaluated under the
12 deliberate indifference standard.  <u>Simmons v. Navajo County</u>, 609 F.3d 1011, 1017 (9th Cir.
13 2010).  However, the Ninth Circuit recently held that a pretrial detainee's deliberate indifference
14 claim under the Fourteenth Amendment is subject to an "objective" deliberate indifference
15 standard which differs from the standard under the Eighth Amendment.  <u>Castro</u>, 833 F.3d at
16 1071.  A pretrial detainee must show something akin to reckless disregard.  <u>Id.</u>

17         Prior to the decision in <u>Castro</u>, the Ninth Circuit had held that a pretrial detainee's claims
18 of denial of medical care were evaluated under the Eighth Amendment's deliberate indifference
19 test which required the plaintiff to prove that the officer was subjectively aware of the risk of
20 harm.  <u>Castro</u>, 833 F.3d at 1068 (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994) and <u>Conn</u>
21 <u>v. City of Reno</u>, 591 F.3d 1081, 1096 (9th Cir. 2010), cert. granted and judgment vacated, 563
22 U.S. 915 (2011), opinion reinstated in relevant part, 658 F.3d 897 (9th Cir. 2011)).  But relying
23 on the Supreme Court's recent decision in <u>Kingsley v. Hendrickson</u>, 135 S.Ct. 2466, 192 (2015),
24 the Ninth Circuit held that a pretrial detainee's claims arising under the Fourteenth Amendment
25 are subject to only an objective standard.  <u>Castro</u>, 833 F.3d at 1069-71.  While the Ninth Circuit
26 did not specifically address the standard as it applies to a pretrial detainee's claim of denial of
27 medical care, based on the Ninth Circuit's finding that only the objective component applies to a
28 pretrial detainee's claims, it would appear that the subjective standard now applies to all pretrial

detainee's claims. Therefore, to prevail on a deliberate indifference claim the plaintiff must show that (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) plaintiff had a serious medical need that put him at a substantial risk of suffering serious harm; (3) the defendant did not take reasonable steps to obtain or provide medical care, even though a reasonable officer (or reasonable medical staff) in the circumstances would have appreciated the high degree of risk involved—making the likelihood of harm obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries. Guerra v. Sweeny, No. 113CV01077AWIBAMPC, 2016 WL 5404407, at *3 (E.D. Cal. Sept. 27, 2016); Williams v. Cty., No. 2:15-CV-01760-SU, 2016 WL 4745179, at *5 (D. Or. Sept. 12, 2016); Morehouse v. Kern Cty. Sheriff's Office, No. 116CV00986MJSPC, 2017 WL 784876, at *3 (E.D. Cal. Feb. 28, 2017).

Plaintiff alleges that he informed all jail personnel and nurses and they neglected his needs also. These conclusory allegations are insufficient to state a cognizable claim against any defendant. In order to state a claim against a defendant for failure to provide medical care, Plaintiff must allege sufficient facts for the court to conclude that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79. In other words, to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

While Plaintiff may not be able to identify the name of the officials involved, his complaint must set forth specific facts that would identify the officer's involved in the denial of medical care. For example, Plaintiff alleges nurses denied him care, but there is no indication of the number of individuals against whom Plaintiff seeks to bring this action. Plaintiff should be able to give facts such as whether the nurse conducted his intake interview or if he is bringing a claim against a nurse that treated him in the infirmary. Additionally, the amended complaint should include some facts regarding the timeframe between Plaintiff's arrest, the act or failure to act of each defendant, and his heart attack. As currently plead, there is no indication of whether Plaintiff suffered a heart attack the night of his arrest or months later.

///

### C. Equal Protection

Plaintiff also alleges violation of the Equal Protection clause and states that he is " 'other' (non-white)." (Compl. at 3.) The Equal Protection Clause requires that all persons who are similarly situated should be treated alike. Lee v. City of Los Angeles, 250 F.3d 668, 686 (2001); City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). An equal protection claim may be established by showing that the defendant intentionally discriminated against the plaintiff based on the plaintiff's membership in a protected class, Lee, 250 F.3d at 686; Barren v. Harrington, 152 F.3d 1193, 1194 (1998), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (2005); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). In order to state a claim for racial discrimination pursuant to the Fourteenth Amendment, Plaintiffs must allege sufficient facts to show that each named defendant acted with a discriminatory purpose.

Plaintiff's complaint is devoid of any factual allegations that he was discriminated against. Plaintiff fails to state a cognizable claim for a violation of the Equal Protection Clause.

### D. Declaratory Relief

Plaintiff states that he was a declaratory judgment that his rights were violated by jail employees. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that Plaintiff's rights were violated is unnecessary, and if Plaintiff files an amended complaint that states a claim this action shall proceed as one for money damages only.

///

## IV.

## Request for Appointment of Counsel

In his claim for relief, Plaintiff requests appointment of counsel. (Compl. at 3.) There is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court finds that neither the interests of justice nor exceptional circumstances warrant appointment of counsel in this instance. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. While a pro se litigant may be better served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. Rand, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony.")

At this juncture, Plaintiff has failed to allege a cognizable claim against any defendant, therefore, the Court cannot find that it is likely he would prevail on the merits. The Court finds nothing in the record to make this case "exceptional" or that the issues in it are particularly

complex. This action alleging denial of medical care is similar to other complaints which the Court deals with on a regular basis. Further, Plaintiff is alleging a denial of medical care and the issues are not legally or factually complex. Finally, the Court does not find that Plaintiff is unable to articulate his claims. Accordingly, Plaintiff's motion for appointment of counsel is denied.

## V.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim for violation of his federal rights. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's amended complaint, filed December 27, 2016, is dismissed for failure

to state a claim;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 10, 2017**

UNITED STATES MAGISTRATE JUDGE