# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PERALTA,<br><br>        Plaintiff,<br><br>    v.<br><br>FRESNO COUNTY POLICE OFFICERS, et al.,<br><br>        Defendants. | Case No. 1:16-cv-01921-LJO-SAB<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 18)<br><br>THIRTY DAY DEADLINE |

Plaintiff Michael Peralta, a state prisoner, is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's first amended complaint, filed on June 22, 2017.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

1

1         A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

        Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

        Plaintiff was arrested and confined in the Fresno County Jail on May 2, 2015. (First Am. Compl. (FAC) 4, ECF No. 18.) Corizon Medical filed a medication verification form and Licensed Vocational Nurse M. Zakharoua signed the form and it was faxed to the pharmacy at WalMart. (FAC 4.) On May 3, 2015, WalMart sent Plaintiff's medication to the Fresno County Jail. (FAC 4.) Plaintiff attempted to receive his medication and was refused. (FAC 4.) On May 4, 2015, Plaintiff had a massive heart attack and was taken to Fresno Regional Medical Center by ambulance. (FAC 4.) Plaintiff had complained of chest pain and requested his heart medication for 48 hours since his arrest on May 2, 2015. (FAC 4-5.)

        On May 4, 2015, after suffering his heart attack, Dr. Khoi M. Le performed several heart procedures on Plaintiff. (FAC 5.) Plaintiff was found to have congestive heart failure. (FAC 5.)

1 On May 10, 2015, Plaintiff was discharged from the hospital, and Dr. Jaini completed a discharge summary and ordered a list of medications to be given to Plaintiff daily. (FAC 5.) Upon his arrival back to the Fresno County Jail, Plaintiff requested medication and it was refused. (FAC 7.) On May 11, 2015, Plaintiff began filing health form requests and has been refused his medication. (FAC 7.) Plaintiff was rushed to Corizon Medical on May 11, 2015, complaining of chest pain and light headedness. (FAC 7.) Plaintiff was provided with medication and stabilized. (FAC 7.)

While Plaintiff was stabilized in the Fresno County infirmary he began submitting health request forms seeking medical help. (FAC 7.) From May 11, 2015, to August 29, 2015, Plaintiff filed 16 health forms. (FAC 7.) Plaintiff's medical requests went unanswered until Registered Nurse Yoselly signed all medical requests on May 19, 2015. (FAC 8.)

After being in the Fresno County infirmary for 30 days, Plaintiff was interviewed by Sergeant Moreno on his health condition. (FAC 8.) Sgt. Moreno confirmed that Plaintiff had two heart attacks due to not receiving his medication for three days and that ten percent of his heart was functioning. (FAC 8.)

## III.

## DISCUSSION

Plaintiff's first amended complaint does not name any defendants, state the claims he is pursing in this action, or state the relief requested. Accordingly Plaintiff has failed to state a cognizable claim. Plaintiff shall be granted one final opportunity to file an amended complaint. Plaintiff is provided with the following legal standards to assist him in completing his amended complaint.

**A.     Liability Under Section**

Plaintiff is advised that to state a claim under section 1983, he is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). There is no respondeat superior liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. To state a claim,

1 Plaintiff must demonstrate that each defendant personally participated in the deprivation of his
2 rights. Jones, 297 F.3d at 934. In other words, to state a cognizable claim, Plaintiff must identity
3 the individual defendant and state the act or failure to act of that defendant that violated
4 Plaintiff's federal rights.

5     Further, a local government unit may not be held responsible for the acts of its employees
6 under a respondeat superior theory of liability. Monell v. Department of Social Services, 436
7 U.S. 658, 691 (1978). Rather, a local government unit may only be held liable if it inflicts the
8 injury complained of through a policy or custom. Waggy v. Spokane County Washington, 594
9 F.3d 707, 713 (9th Cir. 2010). Plaintiff cannot state a claim against any government entity by
10 claiming that individual employees failed to provide him with medication without alleging facts
11 to demonstrate that the entity had a policy or custom.

12     In his first amended complaint, Plaintiff sets forth the names of multiple individuals
13 whose names are present in his medical documents, but does state what any individual did to
14 violate his rights. It is unclear what claims Plaintiff is attempting to pursue in this action or who
15 Plaintiff is attempting bring suit against.

16     **B.    Deliberate Indifference**

17     A claim of failure to provide medical care to a pretrial detainee arises under the due
18 process clause of the Fourteenth Amendment. Gibson v. Cty. of Washoe, Nev., 290 F.3d 1175,
19 1187 (9th Cir. 2002) overruled on other grounds by Castro v. Cty. of Los Angeles, 833 F.3d
20 1060 (9th Cir. 2016) (9th Cir. 2016), cert. denied sub nom. Los Angeles Cty., Cal. v. Castro, No.
21 16-655, 2017 WL 276190 (U.S. Jan. 23, 2017). A pretrial detainee's claims alleging denial of
22 medical care are evaluated under the deliberate indifference standard. Simmons v. Navajo
23 County, 609 F.3d 1011, 1017 (9th Cir. 2010). However, the Ninth Circuit recently held that a
24 pretrial detainee's deliberate indifference claim under the Fourteenth Amendment is subject to an
25 "objective" deliberate indifference standard which differs from the standard under the Eighth
26 Amendment. Castro, 833 F.3d at 1071. A pretrial detainee must show something akin to
27 reckless disregard. Id.

28     Prior to the decision in Castro, the Ninth Circuit had held that a pretrial detainee's claims

of denial of medical care were evaluated under the Eighth Amendment's deliberate indifference test which required the plaintiff to prove that the officer was subjectively aware of the risk of harm. Castro, 833 F.3d at 1068 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994) and Conn v. City of Reno, 591 F.3d 1081, 1096 (9th Cir. 2010), cert. granted and judgment vacated, 563 U.S. 915 (2011), opinion reinstated in relevant part, 658 F.3d 897 (9th Cir. 2011)). But relying on the Supreme Court's recent decision in Kingsley v. Hendrickson, 135 S.Ct. 2466, 192 (2015), the Ninth Circuit held that a pretrial detainee's claims arising under the Fourteenth Amendment are subject to only an objective standard. Castro, 833 F.3d at 1069-71. While the Ninth Circuit did not specifically address the standard as it applies to a pretrial detainee's claim of denial of medical care, based on the Ninth Circuit's finding that only the objective component applies to a pretrial detainee's claims, it would appear that the subjective standard now applies to all pretrial detainee's claims.

Therefore, to prevail on a deliberate indifference claim the plaintiff must show that (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) plaintiff had a serious medical need that put him at a substantial risk of suffering serious harm; (3) the defendant did not take reasonable steps to obtain or provide medical care, even though a reasonable officer (or reasonable medical staff) in the circumstances would have appreciated the high degree of risk involved—making the likelihood of harm obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries. Guerra v. Sweeny, No. 113CV01077AWIBAMPC, 2016 WL 5404407, at *3 (E.D. Cal. Sept. 27, 2016); Williams v. Cty., No. 2:15-CV-01760-SU, 2016 WL 4745179, at *5 (D. Or. Sept. 12, 2016); Morehouse v. Kern Cty. Sheriff's Office, No. 116CV00986MJSPC, 2017 WL 784876, at *3 (E.D. Cal. Feb. 28, 2017).

Plaintiff has alleged that he has a serious medical condition and that he was denied necessary medication for three days. However, he does not identify any individual that refused to provide him with his medication. It appears that Plaintiff was evaluated by LVN Zakharoua on May 2, 2015 who ordered his medication. His medication was received on May 3, 2015. On May 4, 2015, Plaintiff had a heart attack and was transported to the hospital where he received a

1 heart procedure. After Plaintiff was discharged from the hospital he appears to have been housed at the jail infirmary. On May 19, 2017, R.N. Yoselly signed his medical requests. After being housed in the infirmary for thirty days Plaintiff was interviewed by Sgt. Moreno. Plaintiff has failed to allege any facts by which the Court can identify any individual who did not take reasonable steps to provide Plaintiff with medical care. Plaintiff has failed to state a claim for deliberate indifference.

### C. Amended Complaint

In his amended complaint, Plaintiff needs to identify the individuals he is attempting to sue in this action. Fed. R. Civ. P. 10(a). Further, Plaintiff needs to state what causes of action he is alleging and the relief that he is requesting. Fed. R. Civ. P. 8(a).

Finally, with respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true. The Court will not sift through Plaintiff's exhibits to find that Plaintiff stated a claim. Plaintiff must set forth his factual allegations in the second amended complaint.

## IV.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted leave to file a second amended complaint within thirty days. Akhtar v. Mesa, 698 F.3d 1202, 1213 (9th Cir. 2012). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678-79. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th

Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012); Valdez-Lopez v. Chertoff, 656 F.3d 851, 857 (9th Cir. 2011), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff an amended civil rights complaint form;
2. Plaintiff's complaint, filed June 22, 2017, is dismissed for failure to state a claim;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint; and
4. If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **July 11, 2017**

UNITED STATES MAGISTRATE JUDGE