# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PERALTA,<br><br>              Plaintiff,<br><br>      v.<br><br>FRESNO COUNTY POLICE OFFICERS, et al.,<br><br>              Defendants. | Case No.  1:16-cv-01921-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION FOR FAILURE PROSECUTE AND FAILURE TO STATE A CLAIM<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Michael Peralta, a state prisoner, is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint filed on December 27, 2016, was screened; and on March 10, 2017, an order issued dismissing the complaint for failure to state a claim.  Plaintiff was provided with the relevant legal standards and was ordered to file an amended complaint within thirty days.

After receiving several extensions of time, on June 22, 2017, Plaintiff filed a first amended complaint which was screened and dismissed on July 11, 2017, for failure to state a claim.  Plaintiff was ordered to file a second amended complaint within thirty days.  More than thirty days have passed and Plaintiff has failed to file an amended complaint or otherwise responded to the July 11, 2017 order.

/ / /

1

1    Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these

2  Rules or with any order of the Court may be grounds for imposition by the Court of any and all

3  sanctions . . . within the inherent power of the Court." The Court has the inherent power to

4  control its docket and may, in the exercise of that power, impose sanctions where appropriate,

5  including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir.

6  2000).

7    A court may dismiss an action based on a party's failure to prosecute an action, failure to

8  obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52,

9  53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d

10  1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended

11  complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to

12  comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v.

13  United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply

14  with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack

15  of prosecution and failure to comply with local rules).

16    In determining whether to dismiss an action for failure to comply with a pretrial order,

17  the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the

18  court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

19  policy favoring disposition of cases on their merits; and (5) the availability of less drastic

20  sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226

21  (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in

22  deciding what to do, and are not conditions that must be met in order for a court to take action.

23  Id. (citation omitted).

24    In this instance the public's interest in expeditious resolution of the litigation and the

25  Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine

26  (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended

27  complaint within thirty days of July 11, 2017. Plaintiff has been provided with the legal

28  standards that would apply to his claims and the opportunity to file a second amended complaint.

2

1  Plaintiff has neither filed a second amended complaint nor otherwise responded to the Court's

2  order.  Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to

3  move this action towards disposition, and indicates that Plaintiff does not intend to diligently

4  litigate this action.

5        Since it appears that Plaintiff does not intend to litigate this action diligently there arises a

6  rebuttable presumption of prejudice to the defendants in this action.  In re Eisen, 31 F.3d 1447,

7  1452-53 (9th Cir. 1994).  The risk of prejudice to the defendants also weighs in favor of

8  dismissal.

9        The public policy in favor of deciding cases on their merits is greatly outweighed by the

10  factors in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  This

11  action can proceed no further without Plaintiff's cooperation and compliance with the order at

12  issue, and the action cannot simply remain idle on the Court's docket, unprosecuted.  In this

13  instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

14        Finally, a court's warning to a party that their failure to obey the court's order will result

15  in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262;

16  Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's March 10, 2017 and July 11,

17  2017 orders both warned Plaintiff that this action would be dismissed if he failed to file an

18  amended complaint.  The July 11, 2017 order requiring Plaintiff to file a second amended

19  complaint expressly stated: "If Plaintiff fails to file a second amended complaint in compliance with

20  this order, this action will be dismissed for failure to state a claim."  (ECF No. 7 at 7.)  Thus,

21  Plaintiff had adequate warning that dismissal would result from his noncompliance with the

22  Court's order and his failure to state a claim.

23        Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED for

24  Plaintiff's failure to prosecute and failure to state a claim.

25        This findings and recommendations is submitted to the district judge assigned to this

26  action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within thirty (30)

27  days of service of this recommendation, Plaintiff may file written objections to this findings and

28  recommendations with the Court.  Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 21, 2017**

_____
UNITED STATES MAGISTRATE JUDGE

4